UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16−cv−14402−RLR

MYRA WOLOVICK,

    Plaintiff,

v.

THE FRESH MARKET, INC.,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT AND FOR JURY TRIAL AND DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR LIQUIDATED DAMAGES WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, THE FRESH MARKET, INC. (hereinafter "FRESH MARKET" and/or "Defendant"), by and through undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure, hereby moves to dismiss Counts II and III of Plaintiff's Amended Complaint on the basis that they fail to state a proper cause of action and/or are improper under applicable law including the Federal Rules of Civil Procedure and Florida substantive law, or for a more definite statement, and in further support thereof, FRESH MARKET states:

### I. INTRODUCTION OF FACTUAL BACKGROUND

Plaintiff, MYRA WOLOVICK (hereinafter "Plaintiff"), filed an Amended Complaint claiming, in pertinent part, that on or about January 27, 2015 the Defendant was the owner of a building located at 526 21st Street, Vero Beach, Florida.[1] The Amended Complaint goes on to state that Plaintiff went to Fresh Market, without specifying which location of Fresh Market's many

---

[1] *See* Am. Compl., ¶ 1.

stores, to shop when she allegedly tripped over "shopping baskets." [2] Notably, the Amended Complaint mainly consists of conclusory allegations that Defendant failed to correct a dangerous condition, allowed an unsafe condition to exist, failed to establish policies and procedures to protect invitees, and failed to warn Plaintiff of the purported "dangerous condition" without alleging anything was concealed.

The Complaint fails to provide any ultimate facts as required by the Federal Rules of Civil Procedure as to how Defendant had actual or constructive notice that anything constituted a dangerous condition or otherwise supporting its conclusory allegations. It further violates Florida substantive law regarding pleading failure to maintain claims, failure to warn claims, and hidden or concealed conditions under premises liability law.

## II. MEMORANDUM OF LAW

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint be dismissed for "failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim to relief that is plausible on its face." *Hesterly v. Royal Caribbean Cruises*, 515 F. Supp. 2d 1278, 1281(S.D. Fla. 2007). Although a plaintiff need not state in detail the facts upon which he bases his claim, Federal Rule of Civil Procedure 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. *Id.* In other words, a plaintiff's pleading obligation requires more than mere labels and conclusions. *Id.* The previous standard that there be "no set of facts" before a motion to dismiss is granted has thus been abrogated in favor of one that requires a pleading to be "plausible on its face." In order to survive a motion to dismiss, the plaintiff must have nudged his or her claims across the line from conceivable to plausible. *Id.*; *See Pafumi v. Davidson*, 2007 U.S. Dist. LEXIS 43138 (S.D. Fla. 2007)(to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the

---

[2] *See* Am. Compl., ¶¶ 3 and 8.

assumption that all the allegations in the complaint are true."). Courts have an obligation in matters before them to view the complaint as a whole and to base a ruling not on the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable, drawing on the allegations of the complaint, but in a realistic, rather than a slavish manner. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998); *See Olivares v. Doctor's Osteopathic Med. Ctr., Inc.*, 2008 U.S. Dist. LEXIS 62690 (M.D. Fla. 2008) citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)(A complaint needs to provide the grounds of entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Plaintiff must plead enough facts to state a plausible basis for the claim); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 2008 U.S. Dist. LEXIS 61697 (S.D. Fla. 2008)(same); *Valerio v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008)(same).

There are no ultimate facts as to how or why the Plaintiff walked over shopping baskets or how or why shopping baskets in a grocery store constitute an alleged dangerous condition. Numerous legal conclusions are asserted in the Complaint, but really no actual facts are provided. Those facts that are alleged are vague and ambiguous. As a matter of law, more is needed to state a viable premises liability claim.

### No Allegations that Dangerous Condition was Hidden or Concealed

Although Federal Rules of Procedure apply to procedural considerations in this case, Florida state law governs substantively. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). The Amended Complaint does not allege the purported condition was a "hidden danger" or "concealed" hazardous condition. The duty to warn is only triggered where the "dangerous condition" is concealed and: (1) was or should have been known to the landowner; (2)

was unknown to the invitee; and (3) could not be discovered by him or her through the exercise of due care. The Amended Complaint does not allege any such concealed or hidden danger to trigger Defendant's duty to warn. See *St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039 (Fla. 2d DCA 2004).

Furthermore, pursuant to Florida law a landowner has no duty to warn an invitee of that which would be obvious to the person through the ordinary use of the senses. *Earley v. Morrison Cafeteria Co. of Orlando*, 61 So. 2d 477 (1952); *See also Miller v. Shull,* 48 So. 2d 521 (1950). It is a well settled proposition that Florida law "does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer." *Matson v. Tip Top Grocery Co.*, 151 Fla. 247, 250 (Fla. 1942). Plaintiff is in turn obligated to exercise a reasonable degree of care for his or her own safety. *See Id.* The duty which the plaintiff owes to himself or herself is to observe the obvious and apparent condition of the premises. *See Id.*

### Federal Rule 12(e)

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Morrison v. Morgan Stanley Props.*, 2008 U.S. Dist. LEXIS 2506 (S.D. Fla. 2008). The Rule states that:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Notably, six of the ten paragraphs contained within Count III of Plaintiff's Amended Complaint entitled Inadequate Procedures contain the qualifying statement "including but not limited to" and Defendant thus cannot ascertain which procedures Plaintiff is claiming were inadequate.

Furthermore, Count III of Plaintiff's Amended Complaint fails to allege any causal connection between the alleged inadequate procedures and the Plaintiff's damages. For example, Plaintiff merely makes the conclusory allegation that as a "direct and proximate result of the **negligence** of the Defendant, Market, as set forth above, the Plaintiff, MYRA WOLOVICK, suffered damages." [3] Notably, Count III of Plaintiff's Amended Complaint does not allege that the Plaintiff's alleged damages were caused by *inadequate procedures*, but rather *negligence* which is alleged in Count I of the Amended Complaint.

Plaintiff's Amended Complaint completely fails to mention how, if at all, the alleged inadequate procedures caused Plaintiff to fall or otherwise suffer damages. Consequently, there is no causal connection alleged between the Plaintiff's damages and the alleged procedures and Count III is missing the necessary element of causation. Accordingly, Count III of the Plaintiff's Complaint should be dismissed, or alternatively, the Plaintiff should be required to provide a more definite statement indicating which procedures specifically it alleges were "inadequate" and alleging how they caused Plaintiff's alleged injury.

**Motion to Strike Plaintiff's Claim For Prejudgment Interest on Liquidated Amounts**

Prejudgment interest is generally only allowed on liquidated damages. *Brecker Holding Corp. v. Becker*, 78 F.3d 514, 516–17 (11th Cir. 1996); *Argonaut Ins. Co. v. Mary Plumbing Co.*, 474 So. 2d 212 (Fla. 1985). It has been established that prejudgment interest is available in contract cases from the date performance was due under the contract since that is the date the prevailing party is entitled to the damages. *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995). However, the Florida Supreme Court has drawn a distinction between contract and tort cases. *See id.* Tort claims are generally excepted from the rule allowing prejudgment interest because damages in those cases are usually too speculative to liquidate before final judgment. *See id*. Therefore, because

---

[3] Am. Compl., ¶ 45.

of the nature of this case, damages are too speculative and the Plaintiff's claim for prejudgment interest on all liquidated amounts should be stricken from the Complaint.

### III. CONCLUSION

For all the foregoing reasons and based on the above cited authorities, and because Counts II and III of the Amended Complaint fail to comply with the applicable Federal Rules of Civil Procedure and Florida substantive law, fail to contain a definite statement, or fail to state a claim upon which relief can be granted, an Order should be entered Dismissing the same or, in the alternative, requiring a proper Second Amended Complaint.

Wherefore, Defendant, FRESH MARKET, respectfully requests this Honorable Court enter an Order dismissing Count II and III of Plaintiff's Amended Complaint and striking Plaintiff's claim for pre-judgment interest, or alternatively, providing a more definite statement, and any other relief deemed just and necessary.

Respectfully submitted,

/s/ Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

Gerard Di Popolo
Fla. Bar No. 117677
Email: gdipopolo@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael Alexander Garcia
Michael Alexander Garcia

## SERVICE LIST

CASE NO. 2:16−cv−14402−RLR

Paul R. Berg, Esq.
VOCELLE & BERG, LLP
3333 - 20th Street
Vero Beach, FL 32960-2469
E-Mail: pberg@vocelleberg.com;
Courtdocs@vocelleberg.com;
jgrancy@vocelleberg.com
Telephone: (772) 562-8111
Facsimile: (772) 562-2870

4848-9964-1658, v. 1